**IN THE UNITED STATES DISTRICT COURT**
**FOR SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**BRITTNEY T. KING,**

      **Petitioner,**

      v.                               **CASE NO. 2:07-cv-471**
                                         **CRIM. NO. 2:05-cr-196**
                                         **JUDGE SMITH**
                                         **MAGISTRATE JUDGE KING**

**UNITED STATES OF AMERICA,**

      **Respondent.**

**ORDER and**
**REPORT AND RECOMMENDATION**

Petitioner, a federal prisoner, has filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. This matter is before the Court on the instant motion, respondent's return of writ, and the exhibits of the parties. Respondent's June 12, 2007, motion to file an addendum to the exhibits to include the document attached, Doc. No. 30, hereby is **GRANTED**.

For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

**I. PROCEDURAL HISTORY**

On September 16, 2006, petitioner was charged by information with using four unauthorized access devices to obtain money in interstate commerce totaling approximately $17, 422.22, in violation of 18 U.S.C. §§1029(a)(2) and 2. Doc. No. 1. Petitioner waived prosecution by indictment and on September 28, 2005, pursuant to a plea agreement, pleaded guilty. Doc. Nos. 2, 7, 8. On October 18, 2005, she was sentenced to ten months imprisonment plus three years supervised

release. Doc. Nos. 19, 21. Petitioner never filed an appeal.

On May 22, 2007, through counsel, petitioner filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. She asserts as follows:

> Defendant's sentence of a ten-month (10) term of imprisonment was based, in part, on unreliable information.

It is the position of the respondent that petitioner's claim is not cognizable in federal habeas corpus review and is without merit.

## II. MERITS

Petitioner asserts that she was improperly sentenced on the basis of false information. She complains that Lynn and Jeff Fitzpatrick, the alleged victims in this case, mislead the Court by stating that they had been forced into bankruptcy as a direct result of petitioner's actions, when in fact they owed $767,208.31 to debtors and were $23,249.82 in arrears for failing to pay the mortgage on their home for two years prior to filing for bankruptcy, through no fault of petitioner. Additionally, petitioner states that Lynn Fitzpatrick misinformed the Court that petitioner drove a Cadillac Escalade and took trips to Hawaii when, in fact, petitioner owned only a 1996 Mercury Sable and took only one trip to Hawaii when her husband interviewed for employment with the Honolulu Police Department. *Id.*, at 8. Lastly, petitioner alleges that the Fitzpatricks materially misrepresented their assets and liabilities when they filed for bankruptcy, *see Motion to Vacate*, at 2-6, *Exhibits* to Petition, and may be under investigation for bankruptcy fraud at this time. *Id.*, at 7-8.

The Court notes that, although respondent has not raised the issue, petitioner's claim that she was sentenced on false information appears to have been waived. Petitioner failed to object to any of the statements made by the victims at sentencing or in the Presentence Investigation report that

she now contends constituted material misrepresentations of fact. She also failed to raise this same issue on direct appeal. *See Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000), citing *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *United States v. Frady*, 456 U.S. 152, 167 (1982); *Murr v. United States,* 200 F.3d 895, 899-900 (6th Cir.2000). Petitioner therefore must establish cause and prejudice to excuse her "double default" before her claim may be considered in these habeas corpus proceedings. *See Elzy v. United States, supra*. This she cannot do, because the record reflects that petitioner's claim is plainly without merit.

To obtain relief under § 2255, a prisoner must establish that her "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 . "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell,* 428 U.S. 465, 477 n. 10, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

> To prevail on a §2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *See Watson v. United States,* 165 F.3d 486, 488 (6th Cir.1999) (citing *Brecht v. Abrahamson,* 507 U.S. 619, 637-38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)).
>
> To prevail on a §2255 motion alleging non-constitutional error, the petitioner must establish a " 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *Watson,* 165 F.3d at 488 (quoting *United States v. Ferguson,* 918 F.2d 627, 630 (6th Cir.1990)) (citing *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)); *accord Grant v. United States,* 72 F.3d 503, 506 (6th Cir.), *cert. denied,* 517 U.S. 1200, 116 S.Ct. 1701, 134 L.Ed.2d 800 (1996).

*McNeil v. United States,* 72 F.Supp.2d 801, 803 (N.D.Ohio 1999).

"A convicted defendant has a due process right to be sentenced on the basis of accurate information."  *United States v. Kovic*, 830 F.2d 680, 685 (7th Cir. 1987), citing *United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke*, 334 U.S. 736 (1948); *see also Parks v. United States*, 832 F.2d 1244, 1246 (11th Cir. 1987).  A sentence based upon false information may be vacated

> if the information is false or unreliable and demonstrably made the basis for the sentence; in the context of a §2255 proceeding, the motion must be denied unless it affirmatively appears the court based its sentence on the improper information.

*Miller v. United States*, 779 F.2d 51, unpublished, 1985 WL 13875 (6th Cir. October 8, 1985), citing *Farrow v. United States*, 580 F.2d 1339, 1359 (9th Cir. 1978).

> The weight of authority endorses the theory that a petitioner who can demonstrate that the court relied on materially false information at sentencing is entitled to collateral relief. *See, e.g.*, *Del Piano v. United States,* 575 F.2d 1066, 1067 (3d Cir.1978) (holding that upon proof that misinformation or improper data was considered at sentencing, the "process may be reexamined, the sentence vacated, and a new sentencing ordered." ; granting relief), *cert. denied ,* 442 U.S. 944, 99 S.Ct. 2889, 61 L.Ed.2d 315 (1979); *United States v. Marsh,* 733 F.Supp. 90, 94 (D.Kan.1990) ( "[A] sentence will be vacated if the challenged information is materially false or unreliable and demonstrably made the basis for the sentence."; but denying relief).....
>
> \*\*\*
>
> So important is the principle that a district court must retain the authority to correct sentencing errors it has made based on information that later proves inaccurate, some courts have even granted motions from the government for resentencing when it later appears that the defendant made material misrepresentations. *See United States v. Bishop,* 774 F.2d 771, 773-74 (7th Cir.1985) (court

4

has inherent authority to correct judgments obtained by fraud).

*United States v. Hollenbeck*, 932 F.Supp. 53, 57-59 (N.D.N.Y. 1996). *See also United States v. Stevens, supra*, 851 F.2d at 143 (discussing the issue in the context of a motion under Federal Rule of Criminal Procedure 35):

> A sentence must be set aside where the defendant can demonstrate that false information formed part of the basis for the sentence. The defendant must show, first, that the information before the sentencing court was false, and, second, that the court relied on the false information in passing sentence. [*United States v. Rone,* 743 F.2d 1169 (7th Cir. 1984)](citing *United States v. Harris,* 558 F.2d 366, 375 (7th Cir.1977)); *[United States v. ]Edwards,* 800 F.2d at 880.

*Id.* Petitioner cannot meet this standard here. The record fails to reflect that the Court relied on any material false representations in imposing the sentence of ten months incarceration.

At sentencing, petitioner stated that she had read the Presentence Investigation Report and had discussed it with her attorney. She understood the report and had no objections to it. *Sentencing Transcript*, October 18, 2006, at 2. She expressed remorse for her actions. *Id*., at 6-7. Petitioner does not dispute that she opened and used five credit cards[1] in the names of Jeffrey and Lynn Fitzpatrick without their knowledge or authorization to purchase merchandise worth approximately $20,703.19. *Presentence Investigation Report*, ¶¶15, 16, 18, 27, 85. Additionally, petitioner spent $40,000 of a $46,560.95 check that was to be applied to the second mortgage that the Fitzpatrick's owed on their home. *Id*., at 13, 14, 28. Defense counsel at a sidebar at sentencing advised the Court that petitioner had provided information to the FBI and to the bankruptcy trustee with regard to

---

[1] In her objections to the Presentence Investigation Report, petitioner stated that Lynn Fitzpatrick was aware of two of the credit cards obtained by petitioner.

potential bankruptcy fraud on the part of the Fitzpatricks, and that bankruptcy proceedings had been stayed pending investigation. *Sentencing Transcript*, at 7-8.

At sentencing, Lynn Fitzpatrick stated that her family's credit had been destroyed and their lives had changed. She complained about the phone calls from creditors and noted that her children worked in an effort to keep the family from losing their home. She said that the money petitioner took would have been used to pay off the second mortgage on their home, and restitution payments by petitioner in the amount of $50.00 per month from petitioner did not help them. *Id*., at 10. She complained that petitioner had not sent a word of apology in three years and said that other people had told them about petitioner's "trips to Hawaii and how she drives a Cadillac Escalade and how Scott makes thousands and thousands of dollars in Afghanistan and how he can plead guilty to a misdemeanor and get out of everything." *Id*., at 10. She also complained that they had trusted petitioner and her husband. *Id*., at 12-13.

None of the foregoing statements constitutes a material misrepresentation or was improperly relied upon to sentence the petitioner. The Presentence Investigation Report accurately indicated that the Fitzpatricks "secured a second mortgage on their home, through Brittney King, in order to obtain money to purchase a property. The second mortgage was for $60,000." *Presentence Investigation Report*, at ¶13. Petitioner spent approximately $40,000 of money they had agreed would be used to pay off that second mortgage. None of the details now presented by petitioner regarding the alleged financial misrepresentations made by the Fitzpatricks when they filed for bankruptcy were presented to or considered by the Court in imposing sentence, nor are such allegations relevant to these proceedings. The record does not indicate that anyone represented to the Court that petitioner was the sole cause for the Fitzpatricks' bankruptcy petition, or that the

Fitzpatricks had not been in a financially precarious position prior to the actions of petitioner at issue here. Further, the Court was made aware that allegations of bankruptcy fraud were being investigated at the time of sentencing.[2]

Petitioner's recommended sentence under the United States Sentencing Guidelines was ten to sixteen months incarceration. The probation officer recommended that she be imprisoned for five months followed by five months home incarceration with electronic monitoring, and three years supervised release. *See Presentence Investigation Report.* In imposing the minimum ten month term recommended under the sentencing guidelines, the Court stated:

> As justification for this sentence, defendant, Brittany King, is before the Court after pleading guilty to credit card fraud. Specifically, the defendant unlawfully obtained money that belonged to her business partners and withdrew funds without their knowledge, totaling $67,264.24.
>
> \*\*\*
>
> The Court has considered the nature and circumstances of the offense and the history and characteristics of the defendant. The offense level and criminal history are low in order to allow the defendant time to make full restitution. The sentence of ten months is justified particularly when the Court considers the tremendous impact your activity has had on the victims of the offense.
>
> The Court has already considered the need for the sentence to be reflect [sic] the seriousness of the offense, deter others from criminal conduct, to provide just punishment for the offense and the need to protect the public from further crimes of the defendant. The defendant's sentence will serve as an adequate deterrent to others while providing a fair and just punishment for the defendant.

---

[2] The record also reflects that, after investigation, the bankruptcy trustee found no reason to objected to the Fitzpatricks' bankruptcy discharge. *Exhibits 1-3* to Return of Writ.

> The Court has also considered the advisory sentences guidelines and the need to avoid unwarranted sentencing disparities. Defendant's sentencing range is 10 to 16 months imprisonment. The Court has considered this advisory range in determining the appropriate sentence in light of the circumstances of this crime as well as defendant's criminal history. The sentence imposed is unlikely to result in unwarranted disparities.

*Id.*, at 15-16. It cannot be said that, on this record, this sentence was imposed, even in part, on false information.

In sum, the Court concludes that petitioner's allegation that she was improperly sentenced on false information has been waived. Moreover, petitioner has failed to establish cause or prejudice for her waiver. Finally, the claim presented on the petition is plainly without merit.

Respondent's request to file an addendum to the exhibits, Doc. No. 30, is **GRANTED.** For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation*

*de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

June 29, 2007                                                                                      *s/Norah McCann King*
                                                                                                             Norah McCann King
                                                                                                      United States Magistrate Judge